VERMONT SUPERIOR COURT

Environmental Division

32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 20-3-20 Vtec



| Costco Land Use Act 250 Permit Amendment |
| --- |

## ENTRY REGARDING MOTION

| | |
| --- | --- |
| Title: | Motion for Permission to File Interlocutory Appeal |
| Filer: | Alexander J. LaRosa, attorney for Appellant, R.L. Vallee |
| Filed Date: | September 14, 2021 |

Response in Opposition filed on 10/1/2021 by Mark G. Hall, attorney for Applicant Costco Wholesale Corporation.

**The Motion is Denied.**

This case came before us on an appeal by R.L. Vallee, Inc. ("Vallee") and Timberlake Associates, LLP ("Timberlake") of amended Act 250 Land Use Permit #4C0288-19F issued by the District #4 Environmental Commission ("District Commission") to Costco Wholesale Corporation ("Costco"). The District Commission granted Costco's application to amend Land Use Permit #4C0288-19C by authorizing the operation, for limited hours, of Costco's gasoline fueling station at its property on Lower Mountain View Drive in Colchester, Vermont. Absent that amendment, Costco could not operate the fuel station until certain improvements to neighboring roadways were made, at which point Costco will be authorized by the original permit to begin full-time operations.

The parties cross moved for summary judgment on the threshold question of whether the -19F amendment application is barred by Act 250 Rule 34(E) and the Stowe Club Highlands analysis governing land use permit amendments. The Natural Resources Board, which is an interested party in this appeal proceeding, unequivocally supported the proposition that the application is not barred and that this matter should proceed to the merits of the application. In a decision dated August 31, 2021, we denied Vallee's motion for summary judgment and granted Costco's motion, holding that the application was not barred by Rule 34(E) and the Stowe Club Highlands analysis or by other preclusion doctrines. That decision allows us to proceed to the merits of the appeal. However, Vallee subsequently filed the present motion under V.R.A.P. 5(b)(1) for permission to file an interlocutory appeal of our decision on the Rule 34(E) and Stowe Club Highlands analysis.

In considering this motion, we are guided by our Supreme Court's caution that "[i]nterlocutory appeals are an exception to the normal restriction of appellate jurisdiction to the review of final judgments," and that, by its nature, "[i]nterlocutory review requires [the appellate court] to decide legal questions in a vacuum, without benefit of factual findings. Appellate decisionmaking suffers from such abstractions." In re Pyramid Co. of Burlington, 141 Vt. 294, 300. However, there exists a "narrow class of cases in which interlocutory review is…advisable." Id. at 301. A motion for permission to file an interlocutory appeal should be granted only if there exists a controlling question

of law that is ripe for review, substantial grounds for disagreement exist on how to answer that question, and an immediate appeal may materially advance the termination of the litigation. Pyramid Co. at 301, citing V.R.A.P. 5(b)(1). This is a flexible standard favoring practical application: "Although the order to be appealed must meet all…criteria, the criteria are to be treated as the statutory 'equivalent of a direction to consider the probable gains and losses of immediate appeal.'" Eagles Place, LLC Const. Application, No. 55-4-14 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Feb. 4, 2015) (Walsh, J.) (quoting In re Pyramid Co. of Burlington, 141 Vt. 294, 302 (1982)).

First, we consider whether the question which Vallee wishes to certify for appeal—namely, whether the -19F permit amendment application is barred by Rule 34(E) and the Stowe Club Highlands doctrine—is a question of law. We are again guided by Pyramid Co., where the Court stated, "Simply phrasing a question as turning on a matter of law does not create a question of law for purposes of V.R.A.P. 5(b). A question of law is one capable of accurate resolution by an appellate court without the benefit of a factual record. If factual distinctions could control the legal result, the issue is not an appropriate subject for interlocutory appeal." Pyramid Co., 141 Vt. 294, 304. We read this passage to limit interlocutory appeals, in the most part, to so-called "pure questions of law," such as the correct standard of scrutiny applied to governmental action or the proper interpretation of a statutory phrase. While it is frequently difficult to distinguish between questions that require a court to interpret legal rules and questions that require the same court to apply those rules to a specific set of facts, the latter are often termed "mixed questions of law and fact." [1]

The summary judgment decision appealed from was an example of the latter type of question. It involved the "routine application[] of well-settled legal standards to facts alleged," and so is "not appropriate for interlocutory appeal." Kent v. R.L. Vallee, Inc., No. 617-6-15 Cncv, 2016 WL 9403911 at *3 (Vt. Super. Ct. July 21, 2016) (citing In re Text Messaging Antitrust Litig., 630 F.3d 622, 626 (7th Cir. 2010)). In this case, the standard to be applied is contained at Rule 34(E) and in the Stowe Club Highlands analysis. It requires the Court to conduct a two-step analysis: First we ask, "whether the applicant proposes to amend a permit condition that was included to resolve an issue critical to the issuance of the permit." Act 250 Rules, Rule 34(E)(1). If the applicant does seek to amend such a

---

[1] Such classifications usually arise in the context of the standard of deference with which an appeals court will review a trial court's determinations. However, Judge Posner of the Seventh Circuit has provided a helpful analysis of the classification of questions, including as it pertains to whether to allow an interlocutory appeal. As he wrote, "A challenge to a trial court's application of a legal standard to a set of facts is often described as presenting a 'mixed question of fact and law' or an 'ultimate question of fact,' but these are not helpful labels. The appellate court's task in such a case is to determine the legal significance of a set of facts. In *Pullman–Standard v. Swint*, 456 U.S. 273, 289 n. 19, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982), the Supreme Court left open the question whether appellate review of such a determination should be deferential, just as it is when reviewing findings of fact, but the rule in our court is that it should be. *The main task of an appellate court, which is to maintain the coherence, uniformity, and predictability of the law, is not engaged by review of the application of a legal standard to a unique, nonrecurring set of particular facts*." In re Text Messaging Antitrust Litig., 630 F.3d 622, 625 (7th Cir. 2010) (emphasis added) (nevertheless allowing the question presented there to be appealed, as it involved the application of an evolving legal standard on which limited guidance existed).

Similarly, Wright and Miller note that it is not "possible to tell readily in every case whether a particular determination is one of fact or of law," and that different Circuits have followed different approaches to determining whether to deferentially review lower court decisions on mixed questions of law and fact. However, they quote approvingly from the Ninth Circuit decision in United States v. McConney, 728 F.2d 1195, 1202 (9th Cir. 1984), where that court held that "the key to the resolution of this question [of what standard of deference to apply] is the nature of the inquiry that is required to decide 'whether the rule of law as applied to the established facts is or is not violated.' If application of the rule of law to the facts requires an inquiry that is 'essentially factual'—one that is founded 'on the application of the fact-finding tribunal's experience with the mainsprings of human conduct'—the concerns of judicial administration will favor the district court, and the district court's determination should be classified as one of fact." § 2588 Findings of Fact—Conclusions of Law, 9C Fed. Prac. & Proc. Civ. § 2588 (3d ed.). Similar distinctions can help us differentiate between pure questions of law appropriate for interlocutory appeal and questions with a strong factual component that are not appropriate.

critical condition, then the Court must determine whether the need for flexibility in their particular case outweighs the general need for finality in permit decisions, considering a range of fact-specific factors. Id. In our analysis, we relied on facts the parties presented in their statements of undisputed material facts and responses thereto, especially regarding the procedural history of the litigation. We held that Costco's request to amend the permit was in response to factors beyond their control, namely the ongoing separate litigation from Vallee and Timberlake preventing the completion of the improvements that were a precondition to full operation. In re Costco Land Use Act 250 Permit Amendment, No. 20-3-20 Vtec, slip op. at 10 (Vt. Super. Ct. Envtl. Div. Aug. 31, 2021) (Durkin, J.).

It does not matter for our purposes whether such an application of law to facts is termed a mixed question of law and fact, primarily a question of law, or primarily a question of fact.[2] We have previously agreed with the Superior Court that application of settled legal standards is not the sort of question for which interlocutory appeal is appropriate, *see* City of Burlington v Khamnei, No. 74-7-18 Vtec, slip op. at 2 n.2 (Vt. Super. Ct. Envtl. Div. Dec. 18, 2018) (Walsh, J.) (denying permission to appeal the denial of a motion to dismiss for failure to state a claim) (citing Kent v. R.L. Vallee, Inc., No. 617-6-15 Cncv at *3 (Vt. Super. July 21, 2016) (citing In re Text Messaging Litig'n, 630 F.3d 622, 626 (7th Cir. 2010))). This understanding is supported by the decision in Pyramid Co.: "If factual distinctions could control the legal result, the issue is not an appropriate subject for interlocutory appeal." 141 Vt. 294, 304.

Contrasting a rare case in which we granted permission for an interlocutory appeal is instructive. In In re Montpelier WWTF Discharge Permit, No. 22-2-08 Vtec, slip op. at 2 (Vt. Envtl. Ct. Aug. 10, 2009) (Durkin, J.), the Environmental Court was confronted with a novel question under federal law of "the proper process for determining a wastewater treatment facility's permit limit for a pollutant that will discharge into an impaired waterway." The decision from which appeal was sought vacated a permit granted by the relevant state agency and remanded the case to that agency to conduct further analysis. Given that "the Court was "presented with a purely legal question involving statutory interpretation," id. at 3 (internal quotation marks omitted), on which "no court or other adjudicatory body has addressed the exact issues presented," id. at 3-4, we determined it was appropriate to allow the interlocutory appeal so that our Supreme Court might provide guidance on the novel legal issues and potentially materially advance the litigation if it determined remand to the agency was unnecessary. In contrast, here we are presented with a question with a strong factual component, involving application of legal rules rather than their interpretation, on which extensive guidance from previous court decisions exists. Such a question is not appropriate for interlocutory appeal. The motion fails on this point, but we will conduct the rest of the analysis for the sake of completeness.

Next, were the decision appealed from to involve a question of law, we would ask whether that question of law is controlling. As our Supreme Court has directed, "This factor requires a practical application that focuses upon the potential consequences of the order at issue…At one extreme, an order that preordains the outcome of litigation is certainly controlling. Further down the continuum, an order may be 'controlling' if reversal would have a substantial impact on the litigation, either by saving substantial litigation time, or by significantly narrowing the range of issues, claims, or defenses at trial." Pyramid Co., 141 Vt. at 303. In Pyramid Co., the Court noted when reviewing the appropriateness of the interlocutory order that even if it answered every question in the appellant's favor, there would still be a need to go to trial on the remaining substantive issues. This supported the Court's conclusion that the questions presented were not controlling questions of law. In contrast, were the Supreme Court to reverse our decision and resolve the Rule 34(E) analysis in Vallee's favor, that would almost certainly conclude this discrete litigation, as it would bar consideration of the merits of the Act 250 permit amendment. We therefore conclude that this factor would favor granting the

---

[2] *See* discussion supra, at note 1.

interlocutory appeal.  *See* <u>Waterfront Park Act 250 Amendment</u>, No. 138-9-14 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. July 2, 2015) (Walsh, J.) (finding the question presented by a Rule 34(E) analysis to be controlling).

Next, we would ask whether substantial grounds for difference of opinion exist about the controlling question of law.  We conclude that they do not.  It is true that we admitted in deciding the summary judgment motions that it was a close decision, mainly because it involved the somewhat unusual circumstance that the parties opposing the amendment are also the parties pursuing the separate litigation delaying the fulfillment of the original permit condition, thereby leading the applicant to seek the amendment.  However, "V.R.A.P. 5(b) does not supersede the trial court's authority and responsibility to decide difficult legal issues.  Trial courts should not be bashful about refusing to find substantial reason to question a ruling of law, even in matters of first impression." <u>Pyramid Co.</u>, 141 Vt. at 306 (internal quotation marks omitted).  We are confident in our application of Rule 34(E) and the <u>Stowe Club Highlands</u> Analysis to the facts presented.  We conclude this criterion does not support allowing the appeal.

Finally, we would ask whether an immediate appeal may materially advance termination of this litigation.  Again, we acknowledge the possibility, however unlikely we believe it to be, that if the Supreme Court were to reverse our holding, such an outcome would likely end this litigation.  Against this possibility however, we must also consider the possibility that an interlocutory appeal will prolong this litigation, disrupting resolution on its merits. <u>Pyramid Co.,</u> 141 Vt. at 305 ("A trial court must consider not only the time saved at trial, but also the time expended on appeal"); *see also* <u>Waterfront Park Act 250</u>, No. 138-9-14 Vtec at 3 (May 7, 2015) ("If we grant the motion for interlocutory appeal we will have to put off the merits hearing, causing significant delay in answering the questions" posed by the applicant).

In this case, such a delay appears far more likely than any saving in time.  The parties have already conducted extensive discovery in this case and the coordinated municipal permit amendment cases, and the cases are ready for trial.  While it is true that the parties have indicated they would prefer the Court to hold an in-person trial, and it remains uncertain when this Court would be able to facilitate that request due to the ongoing Covid-19 pandemic, we believe that a merits hearing, whether in-person or remote, will occur in the near future.  After we render our decision on the merits, the parties will be free to appeal our decision on the summary judgment motions as part of any appeal from the merits decision.  In contrast, waiting for the Supreme Court to rule on this preliminary issue could add another year or more to the length of this litigation, and result in precisely the type of piecemeal appellate decision-making that <u>Pyramid Co.</u> discouraged.  Given the lengthy and multi-faceted aspect of all the litigation concerning this project, we cannot in good conscience grant a request that is likely to add to this litigation's length even further

For all these reasons, Vallee's request for permission to file an interlocutory appeal is **DENIED**.

Electronically signed on December 20, 2021, at Newfane, VT pursuant to V.R.E.F. 9(d).

_____

Thomas S. Durkin, Superior Judge
Environmental Division